

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00101-CV

In the Interest of **Z.A.F.** and Z.R.F.

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2018PA00277
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Irene Rios, Justice
                Beth Watkins, Justice

Delivered and Filed: August 19, 2019

AFFIRMED, MOTION TO WITHDRAW DENIED

In this appeal, appellant Mother challenges the trial court's order terminating her parental rights to her children, Z.A.F. and Z.R.F. Appellant's court-appointed counsel has filed a brief discussing the applicable law and conducting a professional evaluation of the record. In her brief, counsel concludes this appeal is wholly frivolous and without merit. Counsel's brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (noting *Anders* procedures apply in parental termination cases). Additionally, counsel certified that she provided appellant a copy of the brief and informed appellant of her right to review the record and file a pro se brief. Appellant has filed a pro se brief in which she states that she has reviewed the record in this case.

When both an *Anders* brief and a pro se brief are filed, we examine the briefs and the record and determine if the appeal is wholly frivolous or if arguable grounds for appeal exist. *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). If we determine the appeal is wholly frivolous, we must issue an opinion explaining our decision. *Id*. On the other hand, if we determine that arguable grounds for appeal exist, we must remand the case to the trial court so that new counsel may be appointed to brief the issues. *Id*. at 827.

In the present case, we have thoroughly reviewed the record, counsel's *Anders* brief, and appellant's pro se brief. The record establishes by clear and convincing evidence at least one of the grounds for termination and that termination is in the children's best interest. *See* TEX. FAM. CODE ANN. § 161.001(b); *In re J.O.A.*, 283 S.W.3d 336, 344-45 (Tex. 2009). Upon a thorough review of the record, we conclude the evidence is legally and factually sufficient to support the termination order and there are no other arguably meritorious grounds for appeal. Therefore, we affirm the trial court's termination order.

Counsel filed a motion to withdraw in conjunction with her *Anders* brief. We deny counsel's motion to withdraw because it fails to demonstrate good cause for counsel to withdraw. *See In re P.M.*, 520 S.W.3d at 27 & n.7 (providing that counsel who files an *Anders* brief in the court of appeals should be permitted to withdraw "only for good cause"); *Jackson v. Jackson*, 556 S.W.3d 461, 467-68 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (discussing factors courts consider in deciding if good cause exists for counsel to withdraw). Counsel's duty to her client extends through the exhaustion or waiver of "all appeals." *See* TEX. FAM. CODE ANN. § 107.016(3); *In re P.M.*, 520 S.W.3d at 27. If appellant desires to pursue this appeal to the Texas Supreme Court, counsel may fulfill her duty to her client "by filing a petition for review that satisfies the standards for an *Anders* brief." *See In re P.M.*, 520 S.W.3d at 27-28 & n.14.

Irene Rios, Justice